**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JESSE P.,**

                        **Plaintiff,**

vs.                                                 5:23-cv-198
                                                                 (MAD/MJK)

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**

---

**APPEARANCES:**                                          **OF COUNSEL:**

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **FERGUS J. KAISER, ESQ.**
**OFFICE OF THE GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for the Commissioner

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      On September 23, 2020, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* Administrative Transcript ("Tr.") at 14, 283-98. Plaintiff alleged disability beginning on August 2, 2019, due to diabetes, neuropathy in his feet and arms, carpal and cubital tunnel surgery, multiple partial toe amputations, and neck and back pain. *See id.* at 14, 283, 290 & 321. Plaintiff's claims were denied in February and May 2021. *See id.* at 14, 90-151. On December 7, 2021, ALJ Jennifer Smith held an administrative hearing, which Plaintiff and her attorney attended. *See id.* at 32-61. On December 15, 2021, ALJ Smith

issued an unfavorable decision, finding Plaintiff could perform jobs that existed in significant numbers in the national economy. *See id.* at 14-24.

After the Appeals Council denied review of the ALJ's decision, Plaintiff filed this action. *See* Dkt. No. 1. After reviewing the administrative transcript and Plaintiff's brief, counsel for the Commissioner contacted Plaintiff's counsel with an offer to stipulate to voluntary remand of this case with an instruction for the ALJ to re-evaluate the opinion of Dr. Nathan Keever and re-assess and explain the residual functional capacity ("RFC") determination. Although Plaintiff agrees that remand is appropriate, Plaintiff requests that this matter be remanded for the sole purpose of a directed finding of disability and calculation of benefits.

Currently before the Court are the parties' cross-motions seeking remand.

## II. BACKGROUND

**A.      Age, Education, and Work Experience**

Plaintiff was forty-six-years old on his alleged onset date. *See* Tr. at 90. He completed the twelfth grade and reported employment as an "x-ray shooter" in a manufacturing business. *See id.* at 322.

**B.      Medical Evidence**

Plaintiff has undergone multiple toe amputations or partial amputations due to complications from diabetes. *See id.* at 17. For example, in October 2016, Plaintiff underwent a right fourth toe partial amputation. *See id.* at 418. Plaintiff also underwent amputation of the distal aspects of the second, third, and fourth toes on the right foot, as well as amputation of the distal aspects of his second, third, and fourth toes on the left foot. *See id.* at 593.

In January of 2017, Plaintiff underwent a right rotator cuff repair. *See id.* at 468. In May of 2018, Plaintiff presented for an independent medical examination and demonstrated a restricted

2

range of motion of the cervical spine – specifically, flexion limited to forty degrees and extension of twenty degrees. *See id.* at 470.

In December of 2020, Plaintiff underwent a physical consultative examination performed by Elke Lorenson, M.D. *See id.* at 593. Upon physical consultative examination, Plaintiff demonstrated restricted range of motion of the lumbar spine. *See id.* at 596. Specifically, Plaintiff demonstrated flexion of fifty degrees and extension of fifteen degrees of the lumbar spine. *See id.* Following examination, Plaintiff was assessed with diabetes, diabetic neuropathy, status post toe amputation and foot debridement, left hip pain, arthritis, bilateral should pain, status post bilateral shoulder surgery, neck pain, back pain, and hypertension. *See id.* at 597. Dr. Lorenson assessed Plaintiff's prognosis as guarded. *See id.* Further, he assessed Plaintiff with moderate-to-marked limitations for prolonged standing, ambulating, bending, lifting, carrying, reaching, pushing, pulling, climbing, and squatting. *See id.* at 596.

In October of 2021, Plaintiff presented for an MRI of the lumbar spine, which revealed various abnormalities including degenerative spondylosis, broad-based disc protrusion at L4-L5, and spondylosis and disc bulging at L3-L4 with lateral recess narrowing and neural foraminal narrowing. *See id.* at 1332-33.

A March 2018 MRI of Plaintiff's cervical spine revealed straightening of the cervical spine, which was nonspecific but "may be seen in the setting of cervical muscle spasm" as well as a "2 cm Thornwaldt cyst." *Id.* at 469. Electrodiagnostic testing was consistent with C4 radiculopathy. *See id.* at 17.

On January 5, 2021, Plaintiff presented for a left hip arthroscopic labral reconstruction (which was noted to be "with extreme difficulty"), left hip arthroscopic osteoplasty of the femoral neck, and left arthroscopic pincer resection/osteoplasty of the acetabulum performed by Russell

3

LaFrance, M.D.  *See id.* at 1264.  Plaintiff was noted to have the following diagnoses: left hip femoroacetabular impingement ("FAI") with labral tear, left hip CAM deformity of the proximal femur, and left hip pincer deformity of the acetabulum.  *See id.*

## C.  The ALJ's Decision

In her decision, ALJ Smith found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2022.  *See* Tr. at 16.  Plaintiff has not engaged in substantial gainful activity since August 2, 2019, the alleged onset date.  *See id.*  She found that Plaintiff suffered from the following severe impairments: lumbar spondylosis, cervical spondylosis, a left hip impairment, a right should impairment, a left should impairment, status post bilateral carpal tunnel and cubital tunnel release, right long finger trigger release, diabetes, status multiple toe amputations, headaches, and obesity, none of which meet or equal a listing pursuant to 20 C.F.R. Part 404, Subpart P, Appx. 1.  *See id.* at 17-18.  The ALJ found Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. §§ 303.1567(a) and 416.967(a), except that

> the claimant should not work at unprotected heights, climb ladders/ropes/scaffolds or work in close proximity to dangerous machinery or moving mechanical parts of equipment.  He can occasionally balance, as defined in the SCO, kneel, crouch, crawl, climb ramps/stairs and stoop.  The claimant should not operate foot controls.  He can frequently reach in all directions other than overhead, handle, finger and feel.  The claimant cannot reach overhead.  The claimant should be able to stand for two minutes at thirty-minute intervals.  He can stay on-task at the workstation during the position change.  The claimant can tolerate no more than moderate levels of noise, as defined in Appendix D of the Selected Characteristics of occupation, 1993 Edition.  He should avoid work outdoors in bright sunshine and work with bright or flickering lights, such as one would experience welding or cutting metals.

*Id.* at 19.  At step four, the ALJ found Plaintiff was unable to perform any past relevant work.  *See id.* at 22.  At the fifth and final step, relying on a vocational expert ("VE"), the ALJ found that

4

Plaintiff would be able to perform occupations such as document preparer (DOT #249.587-018, sedentary, 46,365 jobs nationally), call out operator (DOT #237.367-014, sedentary, 6,450 jobs nationally), and telephone quotation clerk (DOT # 237.367-0046, sedentary, 3,355 jobs nationally). *See id.* at 23. Thus, the ALJ found that Plaintiff was not disabled. *See id.* at 23-24.

### III. DISCUSSION

**A.    Standard of Review**

*1. Substantial Evidence*

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied. *See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 95 L. Ed. 456 (1951)). If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive. *See id.* Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld — even if the court's independent review of the evidence may differ from the Commissioner's. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *see also Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citations

omitted). However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

### *2. Disability Determination — The Five-Step Evaluation Process*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The ALJ must follow a five-step evaluation process in deciding whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ must determine whether the claimant engaged in substantial gainful activity during the relevant period. A claimant engaged in substantial gainful activity is not disabled, and is therefore not entitled to benefits. *See id.* §§ 404.1520(b), 416.920(b).

If the claimant has not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments

6

which significantly restricts his or her physical or mental ability to perform basic work activities. *See id.* §§ 404.1520(c), 416.920(c).

If the claimant is found to suffer from a severe impairment or combination of impairments, then step three requires the ALJ to determine whether, based solely on medical evidence, the impairment or combination of impairments meets or equals an impairment listed in Appendix 1 of the regulations (the "Listings"). *See id.* §§ 404.1520(d), 416.920(d); *see also id.* Pt. 404, Subpt. P, App. 1. If the claimant's impairment or combination of impairments meets one or more of the Listings, then the claimant is "presumptively disabled." *Martone*, 70 F. Supp. 2d at 149 (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether, despite the claimant's severe impairment, he or she has the residual functional capacity ("RFC") to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). The burden of proof with regard to these first four steps is on the claimant. *See Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

If it is determined that the claimant cannot perform his or her past relevant work, the burden shifts to the Commissioner for step five. *See Perez*, 77 F.3d at 46 (citing *Carroll*, 705 F.2d at 642). This step requires the ALJ to examine whether the claimant can do any type of work. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). The regulations provide that factors such as a claimant's age, physical ability, education, and previous work experience should be evaluated to determine whether a claimant retains the RFC to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary. *See Perez*, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2). "[T]he Commissioner need only show that there is work in the national

economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." *Poupore*, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)).

### 3. RFC Determination

Pursuant to Social Security Ruling ("SSR") 96-8p, an "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. Additionally, an RFC "does not represent the least an individual can do despite his or her limitations or restrictions, but the most." *Id.*; *see also* 20 C.F.R. § 416.945(a)(1). In order to determine an RFC, the adjudicator is instructed to base the assessment on "all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3).

Regulations of the Social Security Administration ("SSA") set forth the proper considerations to be used in evaluating medical opinion evidence to establish a claimant's RFC. *See* 20 C.F.R. § 416.927. The Regulations provided that, generally, "we give more weight to the opinion of a source who has examined you than the opinion of a source who has not examined you." 20 C.F.R. § 416.927(c)(1). In order to determine what weight to assign the opinion, the ALJ must consider the following factors: length, nature, and extent of the treating relationship; supportability of the opinion; consistency of the opinion with other evidence in the record; the specialization of the source; and any other factors that support or contradict the opinion. *See id.* § 416.927(c)(2)-(6).

**B.    Application**

In his brief, Plaintiff contends that this matter should be remanded solely for calculation of benefits because the ALJ did not establish that a significant number of jobs existed in the national

8

economy that he could perform. *See* Dkt. No. 14 at 6-12. Specifically, Plaintiff argues that the position of document preparer is obsolete, and the number of available positions for the two remaining jobs, call out operator and telephone quotation clerk, is not significant. *See id.* at 9-10. In its motion seeking remand, the Commissioner notes that the opinion of Nathan Keever, D.O. assessed limitations for Plaintiff that were more restrictive than the ALJ's ultimate RFC determination for a reduced range of sedentary work. *See* Dkt. No. 22-1 at 6 (citing Tr. at 979-81). In her decision, the ALJ found Dr. Keever's opinion "less persuasive." Tr. at 22. According to the Commissioner, "remand is warranted for further evaluation of Dr. Keever's opinion. On remand, the ALJ, after re-evaluating Dr. Keever's opinion, will re-assess Plaintiff's RFC and proceed through steps four and five and the sequential evaluation process as appropriate." Dkt. No. 22-1 at 6.

In the present matter, the Court finds that this matter should be remanded for further proceedings, as reversal for an award of benefits is an extraordinary result not appropriate on this record. When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996). Remand may accordingly be appropriate where the ALJ has failed to (1) develop the record, *Klemens v. Berryhill*, 703 Fed. Appx. 35, 38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); (2) adequately appraise the weight or persuasive value of witness testimony, *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008); or (3) explain his reasoning, *Klemens*, 703 Fed. Appx. at 36-38; *Pratts*, 94 F.3d at 39.

With regard to Dr. Keever's opinion, the proper remedy is to remand for further proceedings. *See Estrella*, 925 F.3d at 98 & n.3 (remanding "for reconsideration of Estrella's

claim for disability benefits consistent with the procedural mandates of the SSA" rather than payment of benefits where evaluation of a medical opinion remained at issue). On remand, the ALJ will also be afforded the opportunity to provide the required support and explanation for the RFC finding, as is her responsibility. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). Indeed, it is the ALJ's core adjudicative responsibility "to weigh all medical evidence and resolve any material conflicts in the record." *Micheli v. Astrue*, 501 Fed. Appx. 26, 29 (2d Cir. 2012).

Moreover, as the Commissioner notes, reversal for payment is only appropriate when "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Here, Plaintiff's arguments do not provide a basis for an order awarding benefits. Even assuming *arguendo* that the ALJ should not have relied on the document preparer position, the record before the Court does not establish that a finding of disability is warranted. The list of positions provided by the VE was simply representative of possible jobs that Plaintiff could perform; it was not an exhaustive list of the only positions available to Plaintiff. *See* Tr. at 23 (noting that the list of jobs provided by the VE were only "*representative* occupations") (emphasis added); *see also Daniels v. Berryhill*, 270 F. Supp. 3d 764, 770 (S.D.N.Y. 2017) ("These jobs [identified by the VE] were not exhaustive, but merely representative of the type of work a person with such a residual functional capacity could perform"). As such, there could be additional other positions available in the national economy that Plaintiff could perform. *See Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 232 (N.D.N.Y. 2015) (declining to remand solely for calculation of benefits where it was unclear whether the nationwide number of jobs would be sufficient to support the ALJ's step five finding).

Additionally, as Plaintiff notes, courts in this district have generally upheld findings that 10,000 positions in the national economy represents a significant number. *See Hamilton*, 105 F. Supp. 3d at 231; *see also Hanson v. Comm'r of Soc. Sec.*, No. 15-cv-150, 2016 WL 3960486, *13 (N.D.N.Y. June 29, 2016) (citing *Hoffman v. Astrue*, No. 09-cv-5252, 2010 WL 1138340, *15 (W.D. Wash. Feb. 8, 2010)); *Kelly D. v. Saul*, No. 18-cv-1190, 2019 WL 6683542, *5-6 (N.D.N.Y. Dec. 6, 2019) (citing *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177-78 (W.D.N.Y. 2018)). However, the 10,000 figure is not a hardline rule, but a general estimation. *See Hamilton*, 105 F. Supp. 3d at 231 (quoting *Vining v. Astrue*, 720 F. Supp. 2d 126, 136 (D. Me. 2010)).

In *Kelly D.*, this Court noted that "job numbers over 9,000 have been held to be significant." *Kelly D.*, 2019 WL 6683542, at *6 (citation omitted). In that case, much like the present matter, the plaintiff argued that the position of document preparer identified by the VE should not be considered. *See id.* at *5. However, this Court held that, even if the document preparer position was excluded, the total number of remaining positions (9,996) was significant. *See id.* at *6. Thus, Plaintiff has not demonstrated that there is persuasive proof of an inability to perform work in significant numbers in the national economy even if the document preparer position is removed from consideration.

Accordingly, the Court grants the Commissioner's motion and remands this matter for further administrative proceedings pursuant to 42 U.S.C. § 405(g). On remand, the ALJ shall re-evaluate the opinion of Dr. Nathan Keever and re-assess and explain the RFC determination.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that the Commissioner's motion to remand (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion is **GRANTED in part and DENIED in part**;[1] and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED**; and the Court further

**ORDERS** that this action is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 10, 2024
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] Plaintiff's motion is granted insofar as it seeks remand to the Commissioner and denied insofar as he seeks a directed finding of disability. Moreover, the Court declines to direct that this matter be remanded to a different ALJ as Plaintiff requests. Plaintiff provides the Court with no explanation why remand to a different ALJ is warranted in the present matter.