UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSE P.,

                                            **Plaintiff,**

            vs.                                                     **5:23-CV-198**
                                                                    **(MAD/MJK)**

COMMISSIONER OF SOCIAL SECURITY,

                                            **Defendant.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**OLINSKY LAW GROUP**                     **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**       **FERGUS J. KAISER, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Jesse P. ("Plaintiff"),[1] through his attorney Petitioner Howard D. Olinsky, Esq.

("Petitioner"), moves this Court pursuant to Section 206(b)(1) of the Social Security Act and 42

U.S.C. § 406(b)(1) for an award of attorney's fees based on the contingency fee agreement

between Plaintiff and Petitioner. *See* Dkt. No. 31. Defendant Commissioner of Social Security

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify Plaintiff by first name and last initial.

1

(the "Commissioner") "neither supports nor opposes counsel's request for attorney's fees in the amount of $33,666.50, under 42 U.S.C. § 406(b)," and asserts that "it is for the Court to decide" whether the request is reasonable. Dkt. No. 32 at 1.

On January 26, 2026, Plaintiff submitted a supplemental motion for attorney's fees, requesting an additional $16,728.50, for a total of $50,395 in attorney's fees. *See* Dkt. No. 33. The Commissioner does not support or oppose the supplemental motion. *See* Dkt. No. 34.

## II. BACKGROUND

On February 13, 2023, Plaintiff filed this civil action seeking review of the Commissioner's final decision denying his application for Social Security Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. *See* Dkt. No. 1. On June 10, 2024, the Court remanded this matter to the Social Security Administration for further proceedings. *See* Dkt. No. 26. Thereafter, on September 13, 2024, the parties stipulated to an award of attorney's fees in the amount of $6,350.09, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and costs in the amount of $0, under 28 U.S.C. § 1920. *See* Dkt. Nos. 29, 30.

On remand, Plaintiff secured a finding that he is disabled, and Plaintiff received an award of $134,666 in past due benefits for February 2020 to June 2025. *See* Dkt. No. 31-1 at ¶¶ 4, 8; Dkt. No. 31-3 at 2. On January 11, 2026, Plaintiff received a Notice of Award for Plaintiff's child, N.R.P., with an award of past due benefits in the amount of $66,914 for February 2020 through June 2025. *See* Dkt. No. 33-1 at ¶ 5. As such, the total past due benefits received by Plaintiff and his family are $201,580.

Presently before the Court is Plaintiff's motion and supplemental motion for a further award of attorney's fees under 42 U.S.C. § 406(b), which authorizes a court to grant a "reasonable

fee . . . not in excess of [twenty-five] percent of the total past due benefits" awarded in a successful Social Security benefits action.  42 U.S.C. § 406(b)(1)(A).  The contingency agreement between Petitioner and Plaintiff stated that Petitioner could seek up to twenty-five percent of an award of past due benefits that Plaintiff and his family may receive.  *See* Dkt. No. 31-2 at 2.  The Social Security Administration withheld twenty-five percent of Plaintiff's and N.R.P's past due benefits for attorneys' fees—a total of $33,666.50 from Plaintiff's past due benefits and $16,728.50 from N.R.P.'s past due benefits.  *See* Dkt. No. 31-3 at 5; Dkt. No. 33-2 at 3.

### III. DISCUSSION

The effect of § 406(b) is threefold: "it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of fees should be paid."  *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (citation, internal quotation marks, footnote, and alterations omitted).  As the Second Circuit has repeatedly observed, "§ 406(b) is not entirely self-explanatory[,]" as it "allows contingency agreements but gives no guidance as to how a court should treat them in determining a reasonable fee."  *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990)) (internal quotation marks omitted).  Nonetheless, district courts have been guided to "'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness[.]'"  *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

The "court approval" contemplated by § 406(b) is thus a "reasonableness" review, which includes consideration of factors such as:

> (1) whether the percentage is within the [twenty-five percent] cap;
> (2) whether there has been fraud or overreaching; (3) whether the
> requested amount is a windfall to the claimant's attorney; (4) the
> character and results of the representation; (5) the amount of time

spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases.

*Michael N. v. Comm'r of Soc. Sec.*, No. 5:23-CV-175, 2025 WL 1519316, *1 (N.D.N.Y. May 28, 2025) (citing *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021); *Fields*, 24 F.4th at 854).

In *Fields*, the Second Circuit recognized that the "windfall" factor is less clear than the other factors to be considered. *See Fields*, 24 F.4th at 853-54 (noting that the Supreme Court and the Second Circuit have "rejected reliance on the lodestar method" of calculating fees in Social Security cases, and that "some jurists have expressed frustration that the windfall factor could be read as simply the lodestar method by another name and, as such, incompatible with the stated approach of these opinions") (citations omitted). Thus, the Circuit cautioned that " [i]n determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Id.* (citation omitted).

Here, attorneys and paralegals at Petitioner's law firm, Olinsky Law Group, spent 31.4 hours working on Plaintiff's case before this Court. *See* Dkt. No. 31-1 at ¶ 9; Dkt. No. 33-1 at ¶ 10. Ledgers submitted by Petitioner show that 25.1 hours of this work is attributable to attorney time and 6.3 hours is attributable to work performed by paralegals. *See* Dkt. No. 31-1 at ¶ 9; Dkt. No. 33-1 at ¶ 10. The requested award of $50,395 implies a blended hourly rate of approximately $1,604.94 for all timekeepers (including paralegals). *See* Dkt. No. 33-1 at ¶ 10. If the 6.3 hours of paralegal time are first carved out at $100 per hour (as Petitioner suggests, *see id.*), the remaining requested award implies an even higher hourly rate of approximately $1,982.67 for the attorneys who worked on this matter. *See id.*

4

Although $2,000 per hour is an unusually high hourly rate in a Social Security case, the Court, guided by the Second Circuit's decision in *Fields*, must look beyond the *de facto* hourly rate in determining the reasonableness of the requested fee. First, $50,395 is twenty-five percent of the past due benefits awards, which does not exceed the statutory cap. Second, there is no evidence of fraud or overreaching in the record before the Court. Third, courts have found similar hourly rates to be reasonable in light of the remaining factors to be considered. *Compare*, *Timothy G. v. Comm'r of Soc. Sec.*, No. 18-CV-9235, 2025 WL 486774, *4 (S.D.N.Y. Feb. 12, 2025) (reducing award to reflect $1,500 for each attorney hour from the requested $2,000 *de facto* hourly rate where counsel did not also represent the plaintiff in administrative proceedings and there was an eight-month delay between the Notice of Award and motion for § 406(b) fees), *with Michael N.*, 2025 WL 1519316, at *2 (accepting *de facto* $2,000 hourly rate and noting that "the Second Circuit has approved similar *de facto* rates in light of the nature of these cases") (citing *Fields*, 24 F.4th at 856 & n.10 (collecting cases)). And, as for the remaining factors, attorneys at Petitioner's law firm spent 25.1 total hours litigating before this Court, the record reflects that Petitioner acted diligently to achieve a favorable result for Plaintiff and his family, and there is no evidence of undue delays.

"Where, as here, the specialization and experience of the firm and the attorneys enabled them to work efficiently and obtain a remand . . . for their client, '[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency.'" *David M.D. v. Dudek*, No. 8:21-CV-00465, 2025 WL 1266612, *3 (N.D.N.Y. May 1, 2025) (quoting *Fields*, 24 F.4th at 854). Given the contingent nature of the representation, the contract between Petitioner and Plaintiff, the absence of objections to the requested fee by the Commissioner or Plaintiff, and analysis of all the factors to be considered, the Court finds that Petitioner's request for a § 406(b) fee in the amount

of $50,395 is reasonable in this case. *See Bay v. Comm'r of Soc. Sec.*, No. 20-CV-9774, 2025 WL 437698, *1 (S.D.N.Y. Feb. 6, 2025) ("Considering the hours expended together with the amount of fees requested yields a *de facto* hourly rate of approximately $1,861.  Although quite high in isolation, it is not unreasonable given the contingency arrangement and is in line with amounts that courts have found reasonable given the sum [plaintiffs have] recovered in these types of cases") (citation omitted).

As a final matter, Congress has authorized fee awards under both the EAJA (payable by the Government) and under § 406(b) (payable out of a claimant's past due benefits).  However, as Petitioner acknowledges, *see* Dkt. No. 31-1 at 3, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee, *see Gisbrecht*, 535 U.S. at 796.  Petitioner has indicated that he will refund the smaller of the awards to Plaintiff in the event that the Court awards fees pursuant to § 406(b).  *See* Dkt. No. 31-1 at 3; Dkt. No. 33-1 at 3.

### IV. CONCLUSION

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion and supplemental motion for attorney's fees (Dkt. Nos. 31, 33) are **GRANTED** in the amount of $50,395; and the Court further

**ORDERS** that the Social Security Administration is directed to approve a payment of $50,395 to Petitioner, out of Plaintiff's past-due benefits; and the Court further

**ORDERS** that Petitioner is directed, upon receiving payment of the § 406(b) award, to immediately refund Plaintiff the fee of $6,350.09 previously received under the EAJA; and the Court further

6

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 8, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

7